NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAVIS MIDDLEBROOKS,<br><br>                  Plaintiff,<br><br>             v.<br><br>ADMINISTRATOR ERIN NARDELLI, et al.,<br><br>                  Defendants. | Civil Action No. 21-12497 (KMW) (SAK)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Travis Middlebrooks's civil complaint. (ECF No. 1.) As Plaintiff has previously been granted *in forma pauperis* status in this matter (ECF No. 5), this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

**I.    BACKGROUND**

Plaintiff is a state prisoner currently incarcerated in the Bo Robinson Treatment Center. (ECF Nos. 1; 7.) At the time of the incidents described in his complaint, he was being held in Southern State Prison. (ECF No. 1 at 3-6.) While incarcerated at the prison, Plaintiff contends that Defendants Locke and Bennet, two corrections officers "continuously harassed [him] on[] a everyday basis" by calling him "sexual nick names and [by making] racial comments." (*Id.*) Plaintiff filed a formal complaint and requested to be transferred to a different prison. (*Id.* at 4.)

Defendant Nardelli, the prison administrator, did not grant the request for a transfer to another prison, however, and instead moved Plaintiff to another housing unit within the jail, presumably away from contact with Defendants Locke and Bennet. (*Id.* at 3-6.)

## II.   LEGAL STANDARD

Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting

*Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his complaint, Plaintiff seeks to raise federal civil rights claims based on Defendants Locke and Bennet making sexual and racist comments towards him and based upon Defendant Nardelli's apparent refusal to transfer him to another prison. Turning first to Defendant Nardelli, it is clear that Plaintiff has no right to be confined in a prison housing unit of his choosing. *Johnson v. Burris*, 339 F. App'x 129, 130 (3d Cir. 2009) (prison placement, including transfers to restrictive unit inside of prison, do not give rise to Due Process protections); *Martinez v. Warden Golden Grove Corr. Facility*, 757 F. App'x 86, 91 (3d Cir. 2018) (prison placement or transfer, even to a more restrictive prison, does not give rise to Due Process protections as long as new placement is "within the sentence imposed upon him" and "not otherwise violative of the Constitution"); *see also Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Fraise v. Terhune*, 283 F.3d 506, 522 (3d Cir. 2002); *Heaney v. N.J. Dep't of Corr.*, No. 10-3027, 2010 WL 5094429, at * 2 (D.N.J. Dec. 8, 2010). That Nardelli chose to transfer Plaintiff only to a new housing unit, rather than an entirely new prison, therefore fails to state a valid basis for a § 1983 claim absent some alternative basis for *why* the transfer or lack thereof violated the plaintiff's rights. *Martinez*, 757 F. App'x at 91. Plaintiff's complaint provides no alternative basis for relief – he does not plead that his new unit

3

left him under threat or did not alleviate any alleged harassment. Plaintiff's claim against Nardelli is therefore dismissed without prejudice for failure to state a claim for which relief may be granted.

As to Defendants Locke and Bennet, Plaintiff states in his complaint that they harassed him by calling him inappropriate sexual nick names and with racial epithets. The use of slurs, verbal insults, and the like, however, are insufficient to amount to a constitutional violation in the absence of some further action such as a use of force or case of disparate treatment. *See, e.g., Richardson v. Sherrer*, 344 F. App'x 755, 757 (3d Cir. 2009); *Salley v. Pa. Dep't of Corr.*, 181 F. App'x 258, 266 (3d Cir. 2006); *McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000); *Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir. 1999). The Supreme Court has suggested, however, that a pattern of intentional and targeted harassment may give rise to liability under § 1983 where there is continuous and calculated harassment not related to institutional needs. *Hudson v. Palmer*, 468 U.S. 617, 528-30 (1984). To state such a claim, the Plaintiff must plead "more than a few isolated incidents; rather [the harassment] must be extended and targeted against a particular prisoner." *Rosa-Diaz v. Rivello*, No. 19-1914, 2020 WL 6481539, at *18 (M.D. Pa. July 10, 2020) (quoting *Toolasprashad v. Wright*, No. 02-5473, 2005 WL 3536205, at *6 (D.N.J. Dec. 22, 2005)). Likewise, the harassment must go beyond the mere use of racial slurs and insults to amount to a violation of a convicted prisoner's Eighth Amendment rights. *Toolasprashad*, 2005 WL 3536205 at *6. Here, Plaintiff provides very little information – he alleges only that he was harassed daily for an unspecified length of time and that the harassment amounted to verbal abuse in the form of sexual or racial epithets. That alone, while reprehensible, is insufficient to state a claim under the Eighth Amendment. *Id.* Plaintiff's claim based on the verbal harassment he allegedly suffered at the hands of Defendants Locke and Bennet must therefore be dismissed without prejudice. Plaintiff, however, may file an amended complaint providing additional information addressing these deficiencies within thirty days.

## IV.  CONCLUSION

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**, and Plaintiff is granted leave to file an amended complaint within thirty days.  An order consistent with this Opinion will be entered.

*Karen M. Williams*

Hon. Karen M. Williams,
United States District Judge